# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JOSEPH HUTTON,**

    Plaintiff,

v.                                                                            Civil Action No. 2:14-CV-63
                                                                                  (BAILEY)

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security**,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.     Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble [Doc. 19], the plaintiff's Objections thereto [Doc. 20], and the Commissioner's Response to Plaintiff's Objections [Doc. 21]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. *See* ***Webb v. Califano***, 468 F.Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to those portions of the R&R to which the plaintiff objected. The remaining portions of the R&R will be reviewed for clear error. As a result, it is the opinion

1

of this Court that the R&R should be **ORDERED ADOPTED**.

II.      Standards

      A.      Judicial Review of an ALJ Decision

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied. See 42 U.S.C. § 405(g). 'The findings . . . as to any fact, if supported by substantial evidence, shall be conclusive.' **Richard v. Perales**, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); **Coffman v. Bowen**, 829 F.2d 514, 517 (4th Cir. 1987). The phrase 'supported by substantial evidence' means 'such relevant evidence as a reasonable person might accept as adequate to support a conclusion.' See **Perales**, 402 U.S. at 401, 91 S. Ct. at 1427 (citing **Consolidated Edison Co. v. NLRB**, 305 U.S. 197, 229, 59 S. Ct. 206, 216 (1938)). Substantial evidence . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance . . .. Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment . . . if the decision is supported by substantial evidence. See **Laws v. Celebrezze**, 368 F.2d 640, 642 (4th Cir. 1966); **Snyder v. Ribicoff**, 307 F.2d 518, 529 (4th Cir. 1962). Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. **King v. Califano**, 599 F.2d 597, 599 (4th Cir. 1979). 'This Court does not find facts or try the case *de novo* when reviewing disability determinations.' **Seacrist v. Weinberger**, 538 F.2d 1054, 1056-57 (4th Cir. 1976)." **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990).

B. Five-Step Evaluation Process

To determine whether a claimant is disabled, the ALJ considers the following five-step evaluation process:

Step One: Determine whether the claimant is engaging in substantial gainful activity;

Step Two: Determine whether the claimant has a severe impairment;

Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;

Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and

Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

See 20 C.F.R. § 404.1520.

III. Background

On August 14th, 2014, plaintiff filed his Complaint [Doc. 1] seeking judicial review of an unfavorable decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). By standing order of the Court, this case was referred to United States Magistrate Judge Robert W. Trumble for proposed findings of fact and a recommended disposition. Thereafter, the parties filed their respective motions for summary judgment. [Docs. 10 & 13]. The magistrate judge filed his Report and Recommendation on March 9, 2015, concluding that the ALJ made no legal errors and substantial evidence supported the

ALJ's decision. Accordingly, the R&R recommends that the ALJ's decision be affirmed, the plaintiff's Motion for Summary Judgment be denied, and the defendant's Motion for Summary Judgment be granted. Thereafter, plaintiff timely filed his Objections.

IV. Plaintiff's Objections

On March 26, 2015, plaintiff filed Objections to the Magistrate Judge's Report and Recommendation ("R&R"). [Doc. 20]. Therein, plaintiff lodges two objections. This Court will address the same in turn.

First, the plaintiff argues that the ALJ erroneously assessed the plaintiff's RFC in that she failed to include any limitation upon concentration. The ALJ determined that the plaintiff had moderate limitations in concentration, persistence, or pace. Thus, the plaintiff asserts the magistrate judge's finding that the limitation to "unskilled" work properly accounted for the plaintiff's mental impairment was in error. In support, the plaintiff cites to **Mascio v. Colvin**, 780 F.3d 632 (4th Cir. 2015), to support his argument that a limitation to unskilled work does not adequately account for limitation in concentration, persistence, and pace. As noted by the defendant in her response [Doc. 21], the plaintiff's reliance on **Mascio** is misplaced.

The ALJ's RFC finding was as follows:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he is unable to climb ladders, ropes, and scaffolds. He is able to occasionally climb ramps and stairs, balance, stoop, crouch, and crawl. He must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibration, and fumes, odors, dust, gases,

and poor ventilation. He must avoid all exposure to work hazards, such as unprotected heights and dangerous machinery. **He is limited to unskilled work** with no contact with the public and no more than occasional interaction with coworkers and supervisors.

[Doc. 7-2] (emphasis added).

The ALJ continued to describe each underlying medically determinable physical and mental impairment and then undertook individual evaluations of the intensity, persistence, and limiting effects to determine the extent to which each limited the claimant's functioning. Relevant to the instant inquiry regarding the claimant's moderate limitations in concentration, persistence, or pace, the ALJ stated:

> Despite his impairments, Mr. Hutton reported in his written statements and testimony that he is able to live with others, perform house repairs, wash laundry, wash dishes, mow with assistance, go outside daily, pay bills, count change, handle a savings account, use a checkbook/money orders, and watch television.
>
> Accordingly, the ALJ concluded that:
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

Some of the many reasons in the decision as referenced by the ALJ include the treating sources' findings that "the claimant exhibited good attention, intact memory, logical thought flow, good judgment, normal comprehension of commands" and "clear thought content, average cognitive capability, good insight, good immediate and recent memory .

. .." (Exhs. 2F, 7F, 14F, and 20F) [Doc. 7-2].

In *Mascio*, the Fourth Circuit was concerned that the ALJ did not explain why Mascio's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in Mascio's residual functional capacity. The Fourth Circuit noted, however, that the ALJ may find that the concentration, persistence, or pace limitation would not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. In *Mascio*, however, the ALJ gave no explanation whatsoever. 780 F.3d at 638.

In this case, as shown above, the ALJ gave abundant explanation for her RFC findings regarding claimant's concentration limitations. It is clear the ALJ then used the qualifier limiting work to "unskilled work" to the VE in her hypothetical to reflect these findings.

As proscribed by SSR 96-8p, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Fourth Circuit recently held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)(quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)(per curiam)).

In *Mascio*, the Fourth Circuit remanded an ALJ's decision for failing to perform a

6

function-by-function analysis. *Id.* at 636. The *Mascio* Court held remand was necessary, in part, because the ALJ failed to indicate the weight given to two residual functional capacity assessments which contained relevant conflicting evidence regarding the claimant's weight lifting abilities. *Id.* at 637.

Unlike *Mascio*, the ALJ considered the conflicting evidence at great length and assigned it the appropriate weight she found it deserved. Further, this Court is "not left to guess about how the ALJ arrived at her conclusions." *Id.* This is evident from not only the ALJ's opinion, but also from reading the hearing transcript.

The ALJ asked the VE, in part:

Q: …And ask you to assume an individual who is younger aged, with a high school education, the past work you've described and the residual functional capacity to: occasionally lift and/or carry 20 pounds; frequently lift and/or carry ten pounds; stand and/or walk about six hours in eight; sit about six hours in eight; is unlimited in the ability to push and pull and that would consistent with light work; can never climb ladders, ropes and scaffolds; but can occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch and crawl; has no manipulative or visual limitation; no communicative limitations; but should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibration, fumes, odors, dust, gasses and poor ventilation; and avoid all exposure to work hazards, such as unprotected heights and dangerous machinery. Are there jobs which exist in significant numbers in the national economy that such an individual could perform? If so, please describe those jobs and the number of jobs in the region of the claimant's residence and in the national economy.

A: Yes, ma'am. Light work available to such a hypothetical individual would include work such as a marker, specific to retail industry. The DOT –

7

Q: I'm sorry. Just – let me stop you a minute. This is a West Virginia case.

A: Yes, ma'am. Yes, ma'am. The DOT is 209.587-034. There are approximately 400 – or in excess of 400,000 in the national economy and approximately 6,000 in the region and the region being the state of West Virginia. Also work as a non-postal mail clerk. The DOT is 209.687-026. There are approximately 45,000 in the national economy and approximately 450 regionally. And finally, work as a router. The DOT is 222.587-038. There are approximately 76,000 in the national economy and approximately 1,000 regionally. Those are representative examples of light work, all with SVP: 2 consistent with the descriptions provided in the Dictionary of Occupational Titles.

Q: If I ask you further to assume this individual is limited to unskilled work, cannot work, cannot work with the public or have more than occasional interaction with coworkers and supervisors, could such an individual perform any of the jobs you've described?

A: I would think that the mail clerk and the router would be appropriate. The marker would be inappropriate. However, that could be replaced by work as a laundry sorter, 361.687-014, 50,000 in the national economy and approximately 600 regionally. And that is also consistent with the DOT.

(R. 59).

The ALJ then further inquired as to whether there were jobs the plaintiff could perform if he "… experienced pain or mental impairment of the severity he could not concentrate or attend to basic job tasks…?" (R. 59). The VE responded "No, ma'am." (R. 60).

The VE responded that the individual would not be able to do any of the plaintiff's past work, but the individual would be able to perform the jobs of an office helper, mail

8

clerk, and garment sorter. (R. 60) [Doc. 7-2, at 61].

The ALJ's decision shows that she considered the extent of the plaintiff's ability to concentrate before she concluded that the plaintiff could perform a limited range of unskilled work. Accordingly, this Court finds that the ALJ's decision was supported by substantial evidence.

As outlined in the C.F.R., the RFC is assessed by the ALJ only after he reviews all relevant evidence of a claimant's impairments and related symptoms. *See* 20 C.F.R. § 404.1527(b). Further, the C.F.R. states, "in deciding whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive." 20 C.F.R. § 404.1527(b). In his assessment of plaintiff's RFC, the ALJ reviewed all of plaintiff's evidence, including the impairments, pain symptoms, physical and mental limitations, and pertinent medical evidence in the record. Subsequent to the ALJ's review of the record, in his R&R, the Magistrate Judge exhaustively examined the ALJ's findings and determined that the ALJ correctly evaluated the plaintiff's RFC. The claimant's Objection is **OVERRULED**.

The claimant appears to make a very brief second objection: "In addition, the **Mascio** Court found that the Administrative Law Judge had erred in determining the Claimant's residual functional capacity before assessing her credibility, citing **Bjornson v. Astrue**, 671 F.3d 640, 644-645 (7th Cir. 2012). *Id*. The Administrative Law Judge here made the same error." [Doc. 20 at 4]. The claimant provides no support for this assertion other than this conclusory, self-serving statement.

The error in **Mascio** stemmed from the ALJ's use of the following language in his

9

opinion:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

780 F.3d at 639.

In agreeing with the Seventh Circuit's assessment, Fourth Circuit held that this "boilerplate 'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility.' ***Bjornson***, 671 F.3d at 645." *Id*. Rather, the ***Mascio*** Court determined that the ALJ should have compared Mascio's alleged functional limitations from pain to the other evidence in the record, not to Mascio's residual functional capacity. *Id*.

In this case, the ALJ properly considered all symptoms and the extent to which the symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, based upon the requirements of 404.1529 and SSRs 96-4p and 96-7p. In so doing, the ALJ properly followed the two-step process in which it must first be determined whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's symptoms. And second, the ALJ evaluated the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. Only to the extent that the limitations were not substantiated by objective medical evidence did the

ALJ make findings as to the credibility of statements based on a consideration of the entire case record.

In *Mascio*, the Court determined that nowhere did "the ALJ explain how he decided which of Mascio's statements to believe and which to discredit, other than the vague (and circular) boilerplate statement that he did not believe any claims of limitations beyond what he found when considering Mascio's residual functional capacity." 780 F.3d at 640. It was this "lack of explanation," the Court held, which "requires remand." *Id*. Here, the ALJ clearly stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." [Doc. 7-2 at 34]. Nowhere does this Court find that the ALJ "[got] things backwards by implying that the ability to work [was] determined first and [was] then used to determine the claimant's credibility." *Bjornson*, 671 F.3d at 645. The claimant's Objection is **OVERRULED**.

V.     Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation **[Doc. 19]** should be, and hereby is, **ORDERED ADOPTED**. Further, the plaintiff's Objections **[Doc. 20]** are **OVERRULED**. Therefore, this Court **ORDERS** that the plaintiff's Motion for Summary Judgment **[Doc. 10]** is hereby **DENIED** and the defendant's Motion for Summary Judgment **[Doc. 13]** is hereby **GRANTED**. Accordingly, the Court hereby **DISMISSES WITH PREJUDICE** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** it **STRICKEN** from the active docket of this Court. The Clerk shall enter separate judgment in favor of the defendant.

It is so **ORDERED**

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** June 16, 2015.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE